Filing # 78274956 E-Filed 09/21/2018 05:31:09 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

PAUL PEACOCK,
Plaintiff,

vs.

CASE NO.:
DIVISION:

2:18-CV-774-FtM-38MRM

WASTE PRO OF FLORIDA, INC.
Defendant.

_____/

## COMPLAINT

Plaintiff, PAUL PEACOCK, sues Defendant, WASTE PRO OF FLORIDA, INC., states as follows:

### GENERAL ALLEGATIONS

1. Defendant, Waste Pro of Florida Inc. ("Defendant"), is a Florida Profit Corporation engaged in business in Lee County, Florida.

2. Plaintiff, Paul Peacock ("Plaintiff") (African American), is a former employee of Defendant and is a resident of Lee County, Florida.

3. At all times relevant, Plaintiff was an employee of Defendant at 13100 Rickenbacker Parkway, Ft. Myers, Florida 33913.

4. The amount in controversy exceeds fifteen thousand dollars ($15,000.00).

5. Plaintiff has exhausted all administrative remedies by filing charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), has filed this claim after receiving a Reasonable Cause determination from the EEOC and filed this claim within 90 days of receiving Notice of Right to Sue from the EEOC.

6. At all times relevant hereto, Defendant employed more than fifteen (15) regular employees.

7. Plaintiff began working for Defendant June 6, 1993 as a Roll-Off Driver and always

performed his job well.

8. In December 2014, Plaintiff went out on approved leave because of disabilities.

9. Plaintiff attempted to return to work in March 2015 with medical restrictions and requested reasonable accommodations.

10. Defendant denied Plaintiff's request for reasonable accommodations and terminated Plaintiff's employment.

11. Defendant did not engage in any interactive process to accommodate Plaintiff's medical restrictions pursuant to Plaintiff's physician's notes.

12. Defendant terminated Plaintiff's employment and/or denied him continued employment because of Plaintiff's disabilities, a record of disability and/or because Defendant regarded Plaintiff as disabled.

13. Defendant terminated Plaintiff's employment and/or denied him continued employment because Plaintiff disclosed his disability and/or requested reasonable accommodations.

14. Plaintiff could have continued his job with or without reasonable accommodations.

15. Defendant also treated Plaintiff worse in the terms and conditions of his employment because of his race, failed to provide Plaintiff accommodations that it provided non-African Americans and terminated Plaintiff's employment based on his race

## COUNT I
### Disability Discrimination-ADA

16. Plaintiff realleges paragraphs 1-15 as if fully alleged herein.

17. This action is brought pursuant to the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et. seq.*) ("ADA"). This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunction and other relief for illegal discrimination in employment.

18. Defendant, through its agents or supervisors, engaged in disability discrimination when it treated Plaintiff worse in the terms and conditions of his employment than similarly situated non-disabled employees and subjected Plaintiff to unjust discipline.

19. Defendant, through its agents or supervisors, engaged in unlawful discrimination in violation of the ADA when it terminated Plaintiff's employment and/or denied him continued employment because of his disabilities.

20. Defendant regarded Plaintiff as disabled when it treated Plaintiff worse in the terms and conditions of his employment, subjected Plaintiff to unjust discipline, terminated his employment and/or denied him continued employment.

21. Plaintiff had a record of disability when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment because of that record of disability.

22. Plaintiff was qualified to perform his job with Defendant at the time when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment.

23. Defendant regarded Plaintiff as substantially limited in performance of major life activities at the time when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment.

24. Defendant failed to reasonably accommodate Plaintiff when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment.

25. There were reasonable accommodations available that would have allowed Plaintiff to continue his employment with Defendant.

26. Defendant failed to engage in an interactive process to determine whether there

were reasonable accommodations that would have allowed Plaintiff to perform his job or another job.

27. Defendant violated the ADA by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 7-14.

28. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 7-14.

29. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

30. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

31. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

32. As a further direct and proximate result of Defendant's violation of the ADA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

33.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

34.     Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

### Count II
### Disability Discrimination-FCRA

35.     Plaintiff realleges paragraphs 1-15 as if fully alleged herein.

36.     This is an action brought pursuant to the Florida Civil Rights Act, Florida Statute Section 760, *et. seq.* ("FCRA").

37.     This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by State law, which rights provide for injunction and other relief for illegal discrimination in employment.

38.     Defendant, through its agents or supervisors, engaged in disability discrimination when it treated Plaintiff worse in the terms and conditions of his employment than similarly situated non-disabled employees and subjected Plaintiff to unjust discipline.

39.     Defendant, through its agents or supervisors, engaged in unlawful discrimination in violation of the FCRA when it terminated Plaintiff's employment and/or denied him continued

employment because of his disabilities.

40. Defendant regarded Plaintiff as disabled when it treated Plaintiff worse in the terms and conditions of his employment, subjected Plaintiff to unjust discipline, terminated his employment and/or denied him continued employment.

41. Plaintiff had a record of disability when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment because of that record of disability.

42. Plaintiff was qualified to perform his job with Defendant at the time when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment.

43. Defendant regarded Plaintiff as substantially limited in performance of major life activities at the time when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment.

44. Defendant failed to reasonably accommodate Plaintiff when Defendant treated Plaintiff worse in the terms and conditions of his employment, subjected him to unjust discipline, terminated Plaintiff's employment and/or denied him continued employment.

45. There were reasonable accommodations available that would have allowed Plaintiff to continue his employment with Defendant.

46. Defendant failed to engage in an interactive process to determine whether there were reasonable accommodations that would have allowed Plaintiff to perform his job or another job.

47. Defendant violated the FCRA by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 7-14.

48. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 7-14.

49. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

50. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

51. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52. As a further direct and proximate result of Defendant's violation of the FCRA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

53. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and

managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

54. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## Count III
### Retaliation – ADA

55. Plaintiff realleges his allegations in paragraphs 1-15 as if fully alleged herein.

56. This action is brought pursuant to the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et. seq.*) ("ADA"). This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunction and other relief for illegal retaliation in employment.

57. Plaintiff disclosed his disabilities to Defendant and requested accommodations.

58. By disclosing his disabilities to Defendant and requesting accommodations, Plaintiff engaged in protected activity under the ADA.

59. Defendant moreover engaged in retaliation against Plaintiff after he engaged in protected activity by terminating his employment and otherwise altering his terms and conditions of employment.

60. Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known. As such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

61. As a direct and proximate result of Defendant's willful, knowing and intentional

retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to proven at trial.

62. As a further direct and proximate result of Defendant's violation of the ADA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

63. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant as described above was done with malice, fraud and oppression with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

64. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

### Count IV
### Retaliation – FCRA

65. Plaintiff realleges his allegations in paragraphs 1-15 as if fully alleged herein.

66. This is an action brought pursuant to the Florida Civil Rights Act, Florida Statute

Chapter 760 § *et. seq.* ("FCRA"). This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by state law, which rights provide for injunction and other relief for illegal retaliation in employment.

67. Plaintiff disclosed his disabilities to Defendant. Plaintiff's disclosure constituted protected activity under the FCRA.

68. Defendant moreover engaged in retaliation against Plaintiff after he engaged in protected activity by subjecting Plaintiff to harassment and hostility, disciplining him, terminating Plaintiff's employment and/or denied him continued employment.

69. Defendant, at all times, had actual and constructive knowledge of the conduct described in paragraphs 7-14.

70. Defendant violated the FCRA by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 7-14.

71. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

72. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known. As such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

73. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to proven at trial.

74. As a further, direct and proximate result of Defendant's violation of the FCRA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

75. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant as described above was done with malice, fraud and oppression, with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

76. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

### Count V
Race Discrimination – § 1981

77. Plaintiff realleges paragraphs 1-15 as if fully alleged herein.

78. This action is brought pursuant to the 42 U.S.C. § 1981. This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by Federal law, which rights provide for injunction and other relief for illegal discrimination in employment.

79. As an employee of Defendant, Plaintiff had a contractual relationship with

Defendant.

80. Defendant, through its agents or supervisors, engaged in unlawful discrimination in violation of § 1981 when it subjected him to disparate work rules and terms and conditions of employment, harassment, hostility, discipline and terminated his employment because of Plaintiff's race.

81. Defendant, through its agents or supervisors, engaged in unlawful discrimination in violation of § 1981 with it failed to provide Plaintiff accommodations it provided to other non-African American employees.

82. The above-described unlawful conduct interfered with Plaintiff's emotional well-being.

83. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 7-15.

84. Defendant violated § 1981 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 7-15.

85. Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

86. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant have engaged in other discriminatory practices against him which are not yet fully known. At such time as said retaliatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

87. As a result of the discrimination perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered severe emotional distress.

88. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

89. As a further direct and proximate result of Defendant's violation of § 1981, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

90. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through their officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of their employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

91. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: September 21, 2018.

                                        Respectfully Submitted,

                                        /s/ Darren D. McClain
                                        DARREN D. MCCLAIN, ESQUIRE
                                        FBN: 385034
                                        dmcclain@tampaemploymentlawyer.com
                                        darrenmcclain@aol.com
                                        Nelson, Bisconti & McClain L.L.C.
                                        1005 N. Marion St.
                                        Tampa, Florida 33602
                                        (813) 221-0999 • (813) 314-9626 Fax
                                        Attorneys for the Plaintiff